The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Matthew Fuller

### DEFENDANTS
Richard E. Pierson Construction Company

**(b)** County of Residence of First Listed Plaintiff: Delaware, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Salem, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael C. Schafle, Esquire
Green & Schafle LLC, 100 S. Broad Street, Suite 1218, Philadelphia, PA 19110; 215-462-3330

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1)

Brief description of cause:
Motor Vehicle Accident with Defendant as an out of state driver

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 05/31/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19-2376

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1045 Toll Street, Eddystone, PA 19022

Address of Defendant: 426 Swedesboro Rd., Pilesgrove, NJ 08098

Place of Accident, Incident or Transaction: Edgemont Avenue, Delaware County

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5-31-2019   _David Carney_ (Attorney-at-Law / Pro Se Plaintiff)   310092 (Attorney I.D. # (if applicable))

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David Carney, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5-31-2019   _David Carney_ (Attorney-at-Law / Pro Se Plaintiff)   310092 (Attorney I.D. # (if applicable))

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



CFK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Matthew Fuller          :          CIVIL ACTION

v.                      :

Richard E. Pierson Const. Co.          NO. 19-2376

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

5-31-2019          David Carney          ~~Pro Se Plaintiff~~  counsel
**Date**

215-462-3330          215-567-1941          dcarney@greenlegalteam.com
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW FULLER**<br>1045 Toll Street<br>Eddystone, PA 19022<br><br>       Plaintiff,<br><br>v.<br><br>**RICHARD E. PIERSON CONST. CO.**<br>426 Swedesboro Road<br>Pilesgrove, NJ 08098<br><br>       Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Case No:<br><br>   19-2376<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL COMPLAINT

Plaintiff, Matthew Fuller, by and through his attorneys Green and Schafle, LLC, by way of civil complaint against Defendant Richard E. Pierson Construction Company, hereby states:

### PARTIES

1.    Plaintiff, Matthew Fuller, is a citizen and resident of the Commonwealth of Pennsylvania, residing at 1045 Toll Street, Eddystone, Pennsylvania 19022.

2.    Defendant, Richard E. Pierson Construction Company is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership, or other business entity duly organized and existing under the laws of the State of New Jersey and has at all times engaged in business within the State of New Jersey and the Commonwealth of Pennsylvania on a regular, systematic,

1

continuous and substantial basis, with its principal place of business at 426 Swedesboro Road, Pilesgrove, New Jersey, 08098.

3. At all times material hereto, the driver of the motor vehicle that struck Plaintiff's vehicle and caused injuries to him as set forth more fully below, was a duly authorized agent, servant, workmen, and/or employee of Richard E. Pierson Construction Company's ("Pierson Construction").

4. At all times material to the instant Civil Complaint, Defendant Pierson Construction's employee was operating within the scope of his/her employment on behalf of Pierson Construction.

5. At all times material hereto, Defendant Pierson Construction had direct supervisory responsibilities over its employees, including the driver of the vehicle that struck Plaintiff's vehicle, who were acting within the course and the scope of their employment, master-servant, and/or agency relationship with Defendant Pierson Construction, when the automobile accident occurred that caused injuries to Plaintiff. Accordingly, Defendant Pierson Construction is liable for the negligent acts and/or omissions of its employees, as described more fully below, under the theories of respondeat superior, vicarious liability, master-servant, agency, and right of control.

## JURISDICTION AND VENUE

6. The cause of action described hereinafter accrued in the Commonwealth of Pennsylvania, Delaware County, which was the place of the motor vehicle accident which is the subject of this litigation.

7. Jurisdiction in this Civil Action is pursuant to 28 U.S.C. §1332(a)(1), as this matter is between citizens of different States, and complete diversity exists, and the amount in controversy is in excess of $75,000.00.

8. Venue in this Civil Action is proper pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events and omissions giving rise to this Civil Action occurred in Delaware County, Pennsylvania.

## OPERATIVE FACTS

9. On or about October 29, 2018, an employee of Pierson Construction was operating a motor vehicle with a New Jersey license plate "XDDJ86" on Edgemont Avenue in Delaware County, Pennsylvania.

10. At all times material to, Defendant Pierson Construction's employee was operating within the scope of his/her employment with Pierson Construction.

11. At all times material hereto, Defendant's employee owed a duty to all drivers on the road to operate Defendant's and/or Defendant's employee's vehicle in a safe and appropriate manner so as to not cause a motor vehicle accident.

12. At the aforesaid date, time, and place, Defendant's employee suddenly and without warning, pulled out into Plaintiff's lane and right of way and struck Plaintiff's motor vehicle, causing a collision that resulted in catastrophic injuries to Plaintiff.

13. As a result of the accident, Plaintiff suffered blunt impact trauma to his body, which resulted in a L4-L5 disk herniation that required an L4-L5 left-sided laminectomy and discectomy, L4-L5 posterior spinal fusion with instrumentation and interbody fusion. Further, Plaintiff had an intervertebral disc degeneration in the lumbar and lumbosacral regions, lumbar

region radiculopathy, sprain of the ligaments in the lumbar spine, intervertebral disc displacement in the lumbar region, and dorsalgia.

14. As noted above, Plaintiff underwent a spinal surgery on March 4, 2019 that required an L4-L5 left-sided laminectomy and discectomy, L4-L5 posterior spinal fusion with instrumentation and interbody fusion.

15. As a direct and proximate result of Defendant's actions or inactions, Plaintiff has sustained great and extraordinary pain and suffering of the mind and body since the time of the impact of the accident.

16. As a direct and proximate result of Defendant's actions or inactions, Plaintiff has sustained medical expenses related to the automobile accident detailed herein and the medical treatment that resulted from the injuries sustained by Plaintiff.

17. As a direct and proximate result of Defendant's actions or inactions, Plaintiff has sustained past lost wages and future loss of earnings capacity as a result of the automobile accident detailed herein which caused catastrophic injuries to Plaintiff.

18. Based on the facts set forth above, Defendant, by and through its employee(s) acted with willful, wanton and reckless disregard for the safety of others, including Plaintiff herein.

## COUNT I - NEGLIGENCE

**Plaintiff Matthew Fuller v. Defendant Richard E. Pierson Construction Company**

19. Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

20. At all times material hereto, Defendant and/or Defendant's employee, who was acting within the scope of his/her employment with Defendant, was the owner and/or operator of the automobile that struck Plaintiff's vehicle and caused the aforementioned automobile accident.

21. At all times material hereto, Defendant and/or Defendant's employee owed a duty to Plaintiff and others on the roadway to operate his/her vehicle in a safe manner so as to avoid any automobile accidents.

22. Defendant and/or Defendant's employee was careless, reckless, negligent, and unlawful in causing the aforementioned accident by:

    a. failing to be properly attentive when operating a motor vehicle;

    b. traveling at an excessive rate of speed under the circumstances;

    c. failing to maintain a proper lookout for other vehicles;

    d. failing to maintain a proper lookout for other individuals;

    e. failing to regard the point, position and safety of Plaintiff;

    f. failing to maintain adequate control of the operation of the subject vehicle under the circumstances;

    g. failing to operate the subject vehicle in a safe and reasonable manner and failing to slow, swerve, or stop the subject vehicle when he knew, or in the exercise of reasonable care should have known, that unless he/she did so, his/her vehicle would strike the Plaintiff's vehicle;

    h. failing to warn of the approach of his/her vehicle;

    i. failing to observe the Plaintiff's vehicle;

    j. Operation of a motor vehicle without maintaining proper and adequate control;

    k. failing to apply the brakes and/or take steps necessary to avoid a collision under the circumstances;

    l. failing to bring his/her vehicle to a complete stop before colliding with the Plaintiff's vehicle;

    m. violating the laws and ordinances of the Commonwealth of Pennsylvania with respect to safely operating a motor vehicle on a roadway, including, but not limited to, 75 Pa.C.S.A § 3714 - Careless Driving, and others which may be learned in the course of discovery; and

    n. failing to exercise due care under the circumstances.

23. As a result of the accident, Plaintiff suffered blunt impact trauma to his body, which resulted in a L4-L5 disk herniation that required an L4-L5 left-sided laminectomy and discectomy, L4-L5 posterior spinal fusion with instrumentation and interbody fusion. Further, Plaintiff had an intervertebral disc degeneration in the lumbar and lumbosacral regions, lumbar region radiculopathy, sprain of the ligaments in the lumbar spine, intervertebral disc displacement in the lumbar region, and dorsalgia.

24. As noted above, Plaintiff underwent a spinal surgery on March 4, 2019 that required an L4-L5 left-sided laminectomy and discectomy, L4-L5 posterior spinal fusion with instrumentation and interbody fusion.

25. As a direct and proximate result of Defendant's negligence as set forth above, Plaintiff has suffered pain, loss of life's pleasures, loss of ability to work and earn a living.

26. As a direct and proximate result of Defendant's actions or inactions, Plaintiff has sustained great and extraordinary pain and suffering of the mind and body since the time of the impact of the accident up until the present day and will continue to suffer as such into the future.

27. As a direct and proximate result of Defendant's actions or inactions, Plaintiff has sustained medical expenses related to the automobile accident detailed herein and the medical treatment that resulted from the injuries sustained by Plaintiff.

28. As a direct and proximate result of Defendant's actions or inactions, Plaintiff has sustained past lost wages and future loss of earnings capacity as a result of the automobile accident detailed herein which caused catastrophic injuries to Plaintiff.

29. Based on the facts set forth above, Defendant, by and through its employee(s) acted with willful, wanton and reckless disregard for the safety of others, including Plaintiff herein.

30. At all times material hereto, Defendant acted willfully, wantonly and with reckless indifference for the safety of others on the roadway, including Plaintiff, and as a direct and proximate result, caused the above described severe pain and suffering, severe emotional distress, and severe mental anguish and harm.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, for all available compensatory and punitive damages to be awarded in accordance with applicable state laws, and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest, and costs.

Respectfully submitted,

**GREEN & SCHAFLE LLC**

Date: May 31, 2019          By:     /s/ ~~Michael C. Schafle~~ David Carney
                                    Michael C. Schafle, Esquire
                                    David J. Carney, Esquire
                                    100 South Broad Street, Suite 1218

Philadelphia, PA 19110
Tel: (215) 462-3330
Fax: (215) 567-1941
Email: mschafle@greenlegalteam.com
       dcarney@greenlegalteam.com

Case 2:19-cv-02376-CFK   Document 1   Filed 05/31/19   Page 11 of 11